UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dawn Brenner, et al.,   Civil No. 18-cv-2383 NEB/ECW

        Plaintiffs,

vs.

Danielle Sue Asfeld, et al.,

        Defendants.

### SHERBURNE COUNTY DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT

COME NOW Defendants Rebecca Lucar, Russell Denny, Wes Graves, James Rourke, John Reich, Travis Lindstrom, and Sherburne County, for their Answer to Plaintiffs' Fourth Amended Complaint, state and allege as follows:

1. Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every thing, matter and particular alleged in Plaintiffs' Fourth Amended Complaint.

2. These answering parties specifically deny Plaintiffs have stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988, and, further, deny Dylan Brenner ("Brenner") sustained any deprivation of rights under the Eighth

or Fourteenth Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiffs' Fourth Amended Complaint.

    3.    These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and pursuant to probable cause.

    4.    These answering parties admit they were at all times material hereto, acting in their official capacities as Sherburne County employees.

    5.    These answering parties affirmatively allege Plaintiffs' actions asserted against them are official capacity actions only.

    6.    These answering parties affirmatively allege Plaintiffs' Fourth Amended Complaint fails to state a cause of action for claims upon which relief can be granted.

    7.    These answering parties affirmatively allege Plaintiffs' claims are barred by the legal doctrines of qualified, statutory and official immunity.

    8.    These answering parties specifically deny they were deliberately indifferent to Brenner and deny violating his Eighth or Fourteenth Amendment Rights or any other federal civil rights.

    9.    These answering parties affirmatively allege lack of personal jurisdiction and ineffective service for one or more Defendants.

10. With respect to paragraph 1, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

11. With respect to paragraph 2, these answering parties admit these allegations.

12. With respect to paragraphs 3 to 7, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

13. With respect to paragraphs 8 to 14, these answering parties admit these allegations.

14. With respect to paragraph 15, these answering parties admit Sherburne County contracted with MEnD to provide health-care services.

15. With respect to paragraph 16, these answering parties admit Sherburne County contracted with MEnD to provide health-care services but submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

16. With respect to paragraph 17, these answering parties deny the allegations.

17. With respect to paragraph 18, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

18. With respect to paragraph 19, these answering parties admit generally federal questions should be resolved in federal court; however, the alleged actions do not rise to the level of a constitutional violation and, therefore, these answering Defendants specifically deny jurisdiction of this court, including supplemental jurisdiction.

19. With respect to paragraphs 20 to 25, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

20. With respect to paragraphs 26 to 28, these answering parties admit these allegations.

21. With respect to paragraph 29, these answering parties admit on July 28, 2016, Brenner was charged with three counts of first degree criminal sexual conduct and three counts of second degree criminal sexual conduct, all felonies.

22. With respect to paragraphs 30 to 31, these answering parties admit the allegations.

23. With respect to paragraphs 32 to 38, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

24. With respect to paragraph 39, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

25. With respect to paragraphs 40 to 43, these answering parties admit the allegations.

26. With respect to paragraphs 44 to 50, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

27. With respect to paragraphs 51 to 53, these answering parties admit the allegations.

28. With respect to paragraphs 54 to 57, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

29. With respect to paragraph 58, these answering parties admit the allegations.

30. With respect to paragraphs 59 to 66, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

31. With respect to paragraph 67, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

32. With respect to paragraphs 68 to 69, these answering parties admit the allegations.

33. With respect to paragraphs 70 to 71, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

34. With respect to paragraphs 72 to 74, these answering parties admit the allegations.

35. With respect to paragraph 75, these answering parties admit the classification sergeant did not recommend removal from administrative maximum security segregation.

CASE 0:18-cv-02383-NEB-ECW   Doc. 182   Filed 11/05/20   Page 7 of 16

36. With respect to paragraph 76, these answering parties admit a jail administrator agreed with the recommendation to continue with current segregation status.

37. With respect to paragraphs 77 to 78, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

38. With respect to paragraph 79, these answering parties admit these allegations.

39. With respect to paragraph 80, these answering parties admit the allegations.

40. With respect to paragraph 81, these answering parties admit the form noted Brenner was in administrative segregation.

41. With respect to paragraph 82, these answering parties admit the allegations.

42. With respect to paragraph 83, these answering parties admit the form was marked "yes" regarding medical concerns, mental health concerns, and the inmate was on prescribed medication.

43. With respect to paragraph 84, these answering parties admit the allegations.

7

44. With respect to paragraph 85, these answering parties deny the allegations.

45. With respect to paragraph 86, these answering parties admit the allegations.

46. With respect to paragraph 87, these answering parties deny the allegations.

47. With respect to paragraph 88, these answering parties admit Brenner was convicted of one count of felony first degree criminal sexual conduct and two counts of felony second degree criminal sexual conduct on October 6, 2017.

48. With respect to paragraph 89, these answering parties admit Brenner was booked into the Sherburne County Jail the afternoon of October 6, 2017.

49. With respect to paragraph 90, these answering parties admit the allegations.

50. With respect to paragraphs 91 to 93, these answering parties deny the allegations.

51. With respect to paragraph 94, these answering parties admit the allegations.

52. With respect to paragraphs 95 to 98, these answering parties deny the allegations.

53. With respect to paragraphs 99 to 101, these answering parties admit the allegations.

54. With respect to paragraphs 102 to 106, these answering parties deny the allegations.

55. With respect to paragraph 107, these answering parties admit Plaintiffs have accurately quoted a portion of Ms. Lucar's interview but assert it is taken out of context of her interview.

56. With respect to paragraph 108 these answering parties deny the allegations.

57. With respect to paragraphs 109 to 148, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

58. With respect to paragraphs 149 to 150, these answering parties admit the allegations.

59. With respect to paragraphs 151 to 152, these answering parties deny the allegations.

60. With respect to paragraph 153, these answering parties admit the allegations.

61. With respect to paragraph 154, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

62. With respect to paragraph 155, these answering parties admit the allegations.

63. With respect to paragraph 156, these answering parties deny the allegations.

64. With respect to paragraph 157, these answering parties admit the allegations.

65. With respect to paragraph 158, these answering parties deny the allegations.

66. With respect to paragraph 159, these answering parties admit Russell cleared Brenner for general population.

67. With respect to paragraphs 160 to 162, these answering parties deny the allegations.

68. With respect to paragraph 163, these answering parties generally admit Brenner was moved to the Gamma Unit.

69. With respect to paragraphs 164 to 166, these answering parties deny the allegations.

70. With respect to paragraph 167, these answering parties admit the allegations.

71. With respect to paragraphs 168 to 171, these answering parties deny the allegations.

72. With respect to paragraph 172, these answering parties admit the allegations.

73. With respect to paragraph 173, these answering parties deny the allegations.

74. With respect to paragraph 174, these answering parties admit the allegations.

75. With respect to paragraph 175, these answering parties deny the allegations.

76. With respect to paragraph 176, these answering parties admit the allegations.

77. With respect to paragraphs 177 to 183, these answering parties deny the allegations.

78. With respect to paragraph 184, these answering parties admit the allegations.

79. With respect to paragraphs 185 to 192, these answering parties deny the allegations.

80. With respect to paragraph 193, these answering parties admit the allegations.

81. With respect to paragraph 194, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

82. With respect to paragraph 195, these answering parties admit the allegations.

83. With respect to paragraphs 196 to 210, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

84. With respect to paragraph 211, these answering parties deny the allegations.

85. With respect to paragraph 212, these answering parties admit the allegations.

86. With respect to paragraphs 213 to 219, these answering parties deny the allegations.

87. With respect to paragraph 220, these answering parties admit the allegations.

88. With respect to paragraphs 221 to 238, these answering parties deny the allegations.

89. With respect to paragraph 239, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

90. With respect to paragraph 240, these answering parties admit the allegations but note the time was approximately 2:18 p.m.

91. With respect to paragraph 241, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

92. With respect to paragraph 242, these answering parties admit the allegations.

93. With respect to paragraph 243, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

94. With respect to paragraphs 244 to 246, these answering parties admit the allegations as repeated from the medical examiner's report.

95. With respect to paragraphs 247 to 250, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

96. With respect to paragraph 251, these answering parties admit the allegations accurately quote the Department of Corrections letter.

97. With respect to paragraphs 252 to 263, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties deny the allegations.

98. With respect to paragraphs 264 to 265, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

99. With respect to paragraphs 266 and 267, these answering parties deny the allegations.

100. These answering parties deny the allegations in Count One of the Fourth Amended Complaint and specifically deny violating Brenner's Eighth and Fourteenth Amendment rights, specifically deny Brenner exhibited serious or life-threatening medical needs or a serious risk of suicide, specifically deny acting with deliberate indifference, and submit the allegations regarding Brenner's medical needs are unrelated to these answering parties.

101. With respect to Count Two, these answering parties submit these claims and allegations are unrelated to them and no answer is required.

102. These answering parties deny the allegations in Count Three and specifically deny deliberate indifference to the rights of inmates through any custom, pattern or practice; specifically deny deliberate indifference can be or is supported by the contractual relationship with the MEnD Defendants; and specifically deny MEnD is the agent of Sherburne County.

103. These answering parties deny the allegations in Counts Four and Five of the Fourth Amended Complaint.

104. These answering parties are without sufficient knowledge to form a belief as to the truth of Plaintiffs' alleged damages and Prayer for Relief and, therefore, deny the same and demand strict proof thereof.

105. These answering parties deny punitive damages are actionable or available for this incident.

106. These answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Brenner did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny jurisdiction of this Court.

107. These answering parties join in Plaintiffs' request for a jury trial.

**WHEREFORE,** these answering parties pray Plaintiffs take nothing by this claim for relief herein; that these answering parties be given judgment against Plaintiffs, dismissing Plaintiffs' cause of action with prejudice; that these

answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

Dated: November 5, 2020

s/Stephanie A. Angolkar
Jason M. Hiveley, #311546
Stephanie A. Angolkar, #388336
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
jasonh@iversonlaw.com
stephanie@iversonlaw.com

*Attorneys for Defendants Rebecca Lucar, Russell Denny, Wes Graves, James Rourke, and Sherburne County*